739 So.2d 465 (1999)
Henry Curtis ALDERSON, Jr., Appellant,
v.
Brittney MORGAN, By and Through Her Mother and Next Friend, Carla Morgan CHAMPION, Appellees.
No. 98-CA-00533-COA.
Court of Appeals of Mississippi.
April 20, 1999.
Robert H. Broome, Batesville, Attorney for Appellant.
Taylor D. Buntin III, Southaven, Attorney for Appellees.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
IRVING, J., for the Court:
¶ 1. This appeal was taken from an order entered by the Chancery Court of DeSoto County, Mississippi increasing the amount of monthly child support payable under a paternity order. Carla Morgan, as next friend and natural mother of her child, Brittany Morgan, filed an original "Complaint to Establish Paternity, Support, and Other Relief", against Henry Curtis Alderson, Jr. in the Chancery Court of DeSoto County, Mississippi on December 5, 1986. The case was transferred by agreement to the County Court of DeSoto County, Mississippi. In December 1987, the county court entered an order finding Alderson to *466 be the father of Brittney and setting child support payments to Carla Morgan in the amount of $225 per month. In December 1990, the county court entered an order of modification, upon petition of Carla Morgan, increasing the amount of child support payable by Alderson to $265 per month.
¶ 2. The petition for modification, which is the subject of this case, was filed in county court by Carla Morgan, as next friend and mother of Brittney Morgan. The county court transferred the proceeding to the Chancery Court of DeSoto County on June 25, 1997. The petition was heard on December 15, 1997. On January 28, 1998, the chancellor filed his written opinion, increasing the amount of monthly child support to the sum of $466.70 per month. The increase was made retroactive to the date of the filing of the petition. Judgment was entered on January 28, 1998. It is from that judgment that Alderson has filed this appeal.

FACTS
¶ 3. Brittney Morgan was born to appellee, Carla Morgan, (now Carla Morgan Champion) on July 28, 1986. On December 5, 1986, Carla Morgan filed a paternity complaint against appellant, Henry Alderson. On December 1, 1987, the County Court of DeSoto County declared Alderson to be Brittney Morgan's father and required him to begin making monthly child support payments in the amount of $225.
¶ 4. Prior to his divorce in 1986, Henry Alderson had been married to Barbara Alderson. Together they owned 52% of Alderson Roofing and Sheet Metal, Inc. Another couple, Jerry and Betty Thompson, owned the remaining 48% of the stock of the corporation. Barbara Alderson acquired the parties' residence and all of Henry's stock in Alderson Roofing under the terms of the divorce decree.
¶ 5. At the time of the November 1990 modification hearing, Alderson was working for a roofing company in Tampa, Florida. His salary was $1,536.90 per month, and his take home pay was $1,178.54 per month. As stated previously, the amount of monthly child support payments was increased to $265.
¶ 6. Shortly after the 1990 modification hearing in county court, Alderson returned to Olive Branch, Mississippi. He resumed living with Barbara Alderson at the parties' former marital abode and began working as a job foreman for the company he had previously owned.
¶ 7. During the trial, Henry and Barbara Alderson both testified that from the time of Henry's return to Olive Branch in 1990 up to the time of the hearing on December 15, 1997, Henry primarily resided with Barbara at their former marital residence. According to their testimony, Henry paid no rent but contributed to the household expenses whenever Barbara asked him to do so. Barbara testified that she prepared the meals and did the cleaning. She also testified that she and Henry exchanged birthday and Christmas gifts, took occasional trips, and went out together.
¶ 8. Both Henry and Barbara testified that Henry was paid a salary of $600 per week from his employment at Alderson Roofing, Inc. There was also testimony that for the past four or five years Henry received a bonus in addition to his salary. His bonus for the years 1996 and 1997 was approximately $15,375 each year. During Barbara Alderson's testimony regarding Henry Alderson's salary at Alderson Roofing, there appeared to be a discrepancy of approximately $10,000 between the amount of Henry's salary and the amount shown on his W-2 form for 1996. The amount shown on the W-2 form of $56,200 was approximately $10,000 more than the amount of the salary and bonus testified to by Henry and Barbara Alderson. Barbara Alderson testified that the amount shown on the W-2 form was correct.
¶ 9. In her petition for modification, Carla Morgan Champion requested that the court increase the monthly child support payable by Alderson and requested that he *467 be required to pay one-half of private school tuition for Brittney, along with Carla's attorney's fees. The court increased the amount of monthly child support from $265 to $466.70 and made the increase retroactive to the date of the filing of the petition. Carla's request for private school tuition and attorney's fees was denied.

ISSUE
¶ 10. The sole issue in this case, taken verbatim from Henry Alderson's brief is:

WHETHER THE COURT COMMITTED MANIFEST ERROR IN MODIFYING THE CHILD SUPPORT OBLIGATION RETROACTIVELY TO APRIL 1997, BASING THE MODIFIED AMOUNT ON INCOME NOT RECEIVED BY MR. ALDERSON UNTIL JULY 1997, WHEN THE COURT SPECIFICALLY FOUND THAT NO CRITERIA EXISTED FOR VARYING FROM THE SUPPORT GUIDELINES ESTABLISHED BY SECTION 43-19-101, MISS. CODE ANNOTATED (1972 AS AMENDED)

STANDARD OF REVIEW
¶ 11. The Mississippi Supreme Court in Anderson v. Anderson, 692 So.2d 65, 69 (Miss.1997) instructs that:
The standard of review in determining the weight of the evidence has been well established by this Court, and it will not `disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.' (citations omitted).

DISCUSSION OF THE LAW
¶ 12. At the trial of this matter, the chancellor applied the appropriate guideline of Miss.Code Ann. § 43-19-101 (Rev. 1993) and found that the proper amount of monthly child support payable by Henry Alderson, based upon the information before it as to his income, including adjusted gross income from his base salary and the annual bonus which he had consistently been awarded, was $466.70. The chancellor further found, pursuant to the authority of Lawrence v. Lawrence, 574 So.2d 1376 (Miss.1991), that it was appropriate to make the award retroactive to April 1997, when the petition was filed, rather than January 1998, when the order was entered.
¶ 13. The appellant, Henry Alderson, argues that the chancellor's decision to make the support award retroactive to include the months from April to July 1997 constituted manifest error on the ground that, in doing so, the award was based on money which he had not yet received. Alderson reasons that XX-XX-XXX applies unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Miss.Code Ann. § 43-19-103 (Rev.1993). Since, Alderson argues, the chancellor made a finding that the guidelines were appropriate in this case, the appropriate application of the guidelines should have been on his $600 per week income, the amount he says he actually made during the months of April to July 1997, without consideration of the bonus, which he did not receive until July 1997. Otherwise, he alleges, the chancellor was required by § 43-19-101 to make a written finding on the record that the application of the guidelines would have been unjust or inappropriate, and since the chancellor did not, it was reversible error for the chancellor to make an award based on any income over and above the $600 amount. We disagree.
¶ 14. The entire gist of Alderson's arguments on this assignment of error that the chancellor deviated from the statutory guidelines without making a written finding on the record that the application of the guidelines would have been unjust or inappropriatemisses the point of the chancellor's ruling entirely. Based on the evidence before him, the chancellor was *468 warranted in including the bonus received in July 1997 in Alderson's income for all of 1997, not just for the latter half of 1997, as Alderson argues indirectly. Clearly Alderson was given an annual, not semiannual, bonus. He had received approximately the same amount for 1996. Neither the 1996 nor 1997 bonus was received in monthly increments. As stated, the chancellor's decision to make the award retroactive was on the authority of Lawrence, 574 So.2d at 1384, and its holding that:
We find that the better rule is to allow modification amounting to an increase in support as of the date of the petition to modify or thereafter, within the sound discretion of the trial court.
¶ 15. By virtue of the holding in Lawrence we find that our only inquiry on this issue is whether the chancellor abused his discretion in making the award retroactive to the time of the filing of the petition. Our answer is a resounding no. The judgment is affirmed.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.